UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
JOSEPH SPEYER,

                                      Plaintiff,

v.                                                                            **MEMORANDUM OPINION AND ORDER**

DECICCO FAMILY MARKETS, INC., et al.,
                                                                                  20-CV-06478 (PMH)

                                   Defendants.
-----------------------------------------------------------X

PHILIP M. HALPERN, United States District Judge:

      Plaintiff Joseph Speyer ("Plaintiff"), proceeding *pro se*, initiated an action in the Supreme Court, County of Westchester, against DeCicco Family Markets, Inc., Rosa Zuniga, Jim Capriotti, and Christina DeCicco (collectively "Defendants") on July 15, 2020. (Doc. 3-1, "Compl.").[1] Plaintiff's Complaint asserts a breach of contract claim related to Defendants' alleged breach of a Collective Bargaining Agreement (the "CBA") and seeks to compel arbitration pursuant to the terms of the CBA to address his grievances. (*Id.*). On August 17, 2020, Defendants removed the action to federal court. (Doc. 3).

      Presently pending before the Court is Defendants' motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[2] (Doc. 15; Doc. 17, "Defs. Br."). Defendants

---

[1] The entirety of Plaintiff's forty-one-word Complaint states:
    Joe Speyer Plaintiff Sues Defendants and alleges:
    1. Breach of Contract (CBA)
    2. Non-Payment for Transfer to other stores
    3. Non-Payment for hours worked.
    4. Loss wages for misleading about training.
    Plaintiff would like the court to order Arbitration and fees due and any other cost.
(Compl.).

[2] Defendants also move to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5). Because the Court finds that Plaintiff's claims are completely preempted by Section 301 of the Labor Management Relations Act and/or Plaintiff failed to state a claim for relief pursuant to Section 301, the Court need not and does not consider this alternate ground for dismissal.

argue that Plaintiff's claims are completely preempted by § 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185 ("Section 301") and/or that Plaintiff has failed to state a claim for relief pursuant to Section 301. For the reasons set forth below, the Court GRANTS Defendants' motion.

## ANALYSIS

Plaintiff's Complaint asserts only a breach of contract claim related to Defendants' alleged breach of the CBA, and there is not diversity among the parties. Thus, ordinarily, in the absence of a federal question or diversity among the parties, this Court would not have jurisdiction over Plaintiff's claims. *See Whitehurst v. 1199SEIU United Healthcare Workers E.*, 928 F.3d 201, 206 (2d Cir. 2019). However, under the "complete preemption doctrine," the Supreme Court has identified certain statutes that have "preemptive force" and act to "convert[] an ordinary state common-law complaint into one stating a federal claim." *Id.* (quoting *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 272 (2d Cir. 2005)). One such statute is Section 301 of the LMRA, which provides:

> Suits for violation of contracts between an employer and a labor organization representing employees in an industry affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect of the amount in controversy or without regard to the citizenship of the parties.

29 U.S.C. § 185(a). Section 301 preemption ensures uniform interpretation of collective bargaining agreements and covers "claims founded directly on rights created by collective-bargaining agreements, and also claims substantially dependent on analysis of a collective-bargaining agreement." *Whitehurst*, 928 F.3d at 206 (quoting *Caterpillar*, 482 U.S. at 394). "Thus, when resolution of a state law claim is 'substantially dependent' upon or 'inextricably intertwined' with analysis of the terms of a CBA, the state law claim 'must either be treated as a § 301 claim, or

dismissed as pre-empted by federal labor-contract law.'" *Id*. at 206-07 (quoting *Allis-Chalmers Corp. v. Lueck*, 471 U.S. 202, 213, 220 (1985)).

The Court finds that Plaintiff's state law claims are preempted by federal law, and finds further, if Plaintiff's claims are interpreted as Section 301 claims, Plaintiff has failed to state a claim upon which relief can be granted.

First, regarding preemption, Plaintiff asserts that Defendants have breached the CBA and specifically alleges violations related to (1) "Non-Payment for Transfer to other stores," (2) "Non-Payment for hours worked," and (3) "Loss [sic] wages for misleading about training." (Compl.). These allegations are directly related to rights created by the CBA and are governed by express terms of the CBA.[3] (*See* Doc. 16-1, "CBA" Art. 26 ("In the event any employee is transferred from one (1) store to another store, the Employer shall reimburse him for the additional fares, tolls and gasoline costs resulting from such transfer . . . ."); *id*. Art. 5 (addressing "hours of work"); *id*. Art. 6 (addressing "wages")). Thus, because Plaintiff's claims are directly related to the terms of the CBA and/or are dependent upon analysis of the CBA, the Court will not permit Plaintiff's common-law contract claims to proceed as pre-empted by Section 301; and will only consider the claims under Section 301.

---

[3] The CBA was attached as Exhibit A to Kevin M. Doherty's September 25, 2020 Declaration, which was filed in support of Defendants' motion to dismiss. (Doc. 16; Doc. 16-1). The CBA is properly considered on the present motion because it was incorporated into Plaintiff's Complaint by reference and is integral to the Complaint. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152-53 (2d Cir. 2002) (finding that when deciding a motion to dismiss pursuant to Rule 12(b)(6) a "complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference. . . . [and e]ven where a document is not incorporated by reference, the court may nevertheless consider it where the complaint relies heavily upon its terms and effect, which renders the document integral to the complaint." (internal citations and quotation marks omitted)); *Xiotech Corp. v. Express Data Prod. Corp.*, 11 F. Supp. 3d 225, 231 (N.D.N.Y. 2014) ("[W]here the claim is for breach of contract, the complaint is deemed to incorporate the contract by reference because the contract is integral to the plaintiffs' claim." (quoting *Bader v. Wells Fargo Home Mortg. Inc.*, 773 F.Supp.2d 397, 407 (S.D.N.Y. 2011))).

The Court finds further that even if Plaintiff's claims were construed as pure or hybrid claims brought pursuant to Section 301, dismissal is appropriate. First, if Plaintiff's claims were interpreted as a pure Section 301 claim—*i.e.* a claim asserted against his employer only—Plaintiff has not exhausted his administrative remedies as is required to state a pure Section 301 claim. *Puchalski v. FM Constr., Inc.*, No. 18-CV-1596, 2020 WL 6727777, at *6 (E.D.N.Y. Nov. 16, 2020) ("Before bringing a pure [section] 301 claim, a party must exhaust the grievance process required by the CBA." (quoting *Allen v. United Parcel Serv., Inc.*, 988 F. Supp. 2d 293, 298 (E.D.N.Y. 2013))). The CBA requires that Plaintiff attempt to resolve his grievances through arbitration. (CBA Art. 27(c) ("The sole remedy for any breach or threatened breach of this Agreement shall be arbitration as provided. Resort shall not be made to courts or government agencies except to compel arbitration or to enforce the arbitration award.")). There is no indication that Plaintiff attempted to resolve his grievances through arbitration before commencing this action. In fact, in Plaintiff's Complaint, he explicitly sought to compel arbitration, which indicates that Plaintiff's grievances were not previously raised through the arbitration process. Second, if Plaintiff's claims were construed as a hybrid Section 301 claim—*i.e.* a claim that the employer breached a collective bargaining agreement and that the union breached its duty of fair representation to the union member—Plaintiff "must allege violations on the part of both" the employer and the union. *White v. White Rose Food, a Div. of DiGiorgio Corp.*, 237 F.3d 174, 179 (2d Cir. 2001). Here, Plaintiff's Complaint is completely devoid of any allegation of wrongdoing against the union or any indication that Plaintiff has interacted with the union about his grievances in any way. Accordingly, even if the Court construes Plaintiff's claims as claims brought pursuant to Section 301, dismissal is warranted.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion to dismiss Plaintiff's Complaint. While "[d]istrict courts should frequently provide leave to amend before dismissing a *pro se* complaint . . . leave to amend is not necessary when it would be futile." *Reed v. Friedman Mgt. Corp.*, 541 F. App'x 40, 41 (2d Cir. 2013) (citing *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000)). Here, the Court dismisses Plaintiff's Complaint with prejudice as any amendment would be futile.[4]

The Court respectfully directs the clerk to terminate the pending motion (Doc. 15) as well as the other letter motions pending on the docket (Docs. 13, 18) and to terminate the action. Additionally, the Clerk is directed to mail a copy of this Memorandum Opinion and Order to Plaintiff at the address provided on the docket.

**SO ORDERED:**

Dated: New York, New York
      January 11, 2021

_____
Philip M. Halpern
United States District Judge

---

[4] Additionally, and while not dispositive, Plaintiff has failed to prosecute this action. Plaintiff did not oppose Defendants' pre-motion conference letter in which Defendants sought permission to move to dismiss Plaintiff's Complaint, did not oppose Defendants' motion to dismiss, and, apparently, is not participating in discovery (*see* Doc. 18).